UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AHMADOU SANKARA,

                      Plaintiff,

        -against-

JEFFREY SEARLS, *et al.*,

                      Defendants.

19-CV-2766 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, who is barred under 28 U.S.C. § 1915(g) but is in immigration custody, filed this complaint *pro se*. He raises claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants violated his constitutional rights at the Buffalo Federal Detention Facility. For the reasons set forth below, the Court transfers this action to the United States District Court for the Western District of New York.

    Venue for a civil rights complaint brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), is determined according to the general venue provision, 28 U.S.C. § 1391. The general venue provision provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under § 1391(b)(2), venue is proper in the Western District of New York where the claims arose.[1] Accordingly, the Court transfers this action to the United States District Court for the District of Columbia. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Clerk of Court is further directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

[1] Venue is also most likely proper in the Western District of New York under 28 U.S.C. § 1391(b)(1), as the defendants all work at the Buffalo Federal Detention Facility and most likely reside within that district as well.

[2] Plaintiff did not file an application to proceed *in forma pauperis* or a prisoner authorization. Although he is in immigration custody and the Prison Litigation Reform Act's (PLRA) definition of a prisoner is not applicable to an immigration detainee who does not face criminal charges, *see DeBoe v. DuBois*, 503 Fed. App'x 85, 88 (2d Cir. 2007), the Court is unaware if Plaintiff still faces criminal charges. Thus, it is not clear whether Plaintiff is subject to the PLRA.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 29, 2019
        New York, New York

                                              COLLEEN McMAHON
                                      Chief United States District Judge